# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43778

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 797 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 30, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CARLOS MONTOYA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Carlos Montoya, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge and GRATTON, Judge

---

PER CURIAM[1]

Carlos Montoya was found guilty of three counts of lewd conduct with minor child under sixteen. Idaho Code § 18-1508. The district court sentenced Montoya to three concurrent determinate life sentences. Montoya filed an Idaho Criminal Rule 35 motion to correct an illegal sentence, which the district court denied. Subsequently, Montoya filed a motion for reconsideration of the order denying his Rule 35 motion, which the district court also denied.

While Montoya contends that his sentence is illegal, he includes a variety of claims regarding his underlying conviction. Montoya asserts that the elements instruction at trial improperly included an alternative element of "any other lewd and lascivious act," which was unconstitutionally vague, allowed him to be convicted of anything which may be viewed as

---

[1] Chief Judge Melanson and Judge Huskey did not participate.

1

morally reprehensible particularly because there were three counts and no unanimity instruction, and that the error was structural and not subject to a harmless error analysis. This Court addressed the instructional error on direct appeal, agreeing that the instruction was erroneous, but holding the error harmless. *State v. Montoya*, 140 Idaho 160, 166, 90 P.3d 910, 916 (Ct. App. 2004). Montoya's claims of error at trial and in this Court's analysis on direct appeal are not the proper subject of a Rule 35 motion to correct an illegal sentence and will not be further discussed.

As to the illegal sentence claim, Montoya argues that I.C. § 18-1508 only authorizes a sentence of indeterminate life. Idaho Code § 18-1508 provides that the convicted defendant "shall be imprisoned in the state prison for a term of not more than life." Montoya contends that only a sentence of indeterminate life is provided under the statute because it does not specifically state determinate life. Montoya points to case law which holds that the court may only impose a sentence specifically provided in the statute and notes that other statutes use the phrase "fixed" or "determinate" life while I.C. § 18-1508 does not. He asserts that to construe the statute as allowing a determinate life sentence renders it unconstitutionally vague. Montoya also contends that a determinate life sentence is equivalent to a death sentence which is not provided for in the statute and for which the due process protections attendant a death sentence, including a jury determination, have not been provided.

Idaho Code §§ 18-107 and 19-2513 grant trial courts discretion in imposing the fixed and indeterminate portions of a sentence. Section 18-107 provides: "Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code." Section 19-2513 states that a court "shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody," and the court "shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law." The limit for a sentence for lewd conduct is set forth in I.C. § 18-1508, and the plain language of that statute authorizes a maximum sentence of life. Idaho Code § 18-1508 set the outer limits of the permissible sentence for lewd conduct at life. Idaho Code § 18-107 gave the court authority to impose a sentence anywhere within that outer limit. Idaho Code § 19-2513 conferred discretion to determine what

2

portion, including all, of the sentence would be determinate or indeterminate. Consistent with that discretion, the district court could lawfully impose a fixed life sentence for each offense of lewd conduct, as it did in this case. The language of I.C. § 18-1508 authorizes a determinate life sentence for lewd conduct. *See State v. Martinez*, 111 Idaho 281, 284, n.2, 723 P.2d 825, 828, n.2 (1986). Montoya has shown no error in the district court's denial of his Rule 35 motion. Therefore, the order of the district court denying Montoya's Rule 35 motion is affirmed.